IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| PERMOBIL LTD., | ) |
|               Plaintiff, | ) |
| v. | ) Case No. 2:22-CV-04046-NKL |
| MOXI ENTERPRISES, LLC | ) |
|              Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION ORDER

COMES NOW Plaintiff Permobil Ltd. by and through the undersigned counsel, pursuant to Local Rules 1.06, 6.01, and 6.02, respectfully requests the Court grant its Motion for Preliminary Injunction[1]. Permobil Ltd. incorporates its Verified Petition in this Motion for Preliminary Injunction as if fully set forth herein.

Permobil Ltd. seeks injunctive relief to prevent Defendant Moxi Enterprises, LLC ("Moxi") from selling its products through Blake Medical Distribution, Inc. ("Blake Medical"), in contravention of Moxi's agreement to use Permobil, Ltd. for all Canadian sales of specific Moxi products. Plaintiff submits the following in further support of its motion.

### I. INTRODUCTION

Permobil Ltd. is a sales organization for Permobil, Inc., as required under Canadian law for the sale of medical devices. On January 1, 2021 Permobil Ltd. and Moxi entered into an agreement titled "Distribution Agreement," (the "Agreement"). *See* **Exhibit 1**. Pursuant to the Agreement, Moxi manufactures therapeutic support surfaces and supplies the same to Permobil Ltd. for sale in Canada. In the Agreement, the parties agree Permobil Ltd. is the *exclusive*

---

[1] Plaintiff previously filed a Motion for Preliminary Injunction in Missouri state court, but files this motion to comply with the requirements of Local Rules 1.06 and 6.02.

1

*distributor* of specific Moxi products in Canada. The term of the Agreement is from January 1, 2021 to December 31, 2022.

After the January 1, 2021 Agreement date, Permobil, Inc. and Moxi failed to renew a similar agreement for the sale of Roho, Inc. products by Moxi in the United States (the "American Agreement"). Permobil Inc. is an American corporation, separate and distinct from Permobil Ltd., a Canadian corporation. Upon learning Permobil Inc. was not going to renew the American Agreement, Moxi raised the price of Moxi products by forty three percent (43%), effectively forcing business away from Permobil Ltd. At one point, Moxi even threatened to file for bankruptcy to void the Agreement. After threatening various avenues to void the Agreement, Permobil Ltd. received an advertisement by Blake Medical that clearly showed Blake Medical was selling Moxi products in Canada which, under the Agreement, were only to be sold by Permobil, Ltd. in that market. *See* **Exhibit 2**.

Subsequent to Plaintiff filing in Missouri state court, Moxi admits that there exists an exclusive distributor agreement between Permobil and Moxi, by which Permobil has the exclusive right to sell Moxi products in the Canadian market from January 1, 2021 until December 31, 2022 (hereinafter referred to as the "Canadian Agreement"). *See* Answer ¶¶ 6-7. Nevertheless, Moxi admits it threatened Permobil, that it would sell Moxi products through another Canadian distributor. *See* Answer ¶ 20. Moxi then breached the Canadian Agreement by selling Moxi products through Blake Medical Distribution ("Blake Medical") in January 2022. *See* Verified Petition ¶ 22.

Moxi attempts to excuse its breach in its affirmative defenses in stating: "[Permobil, Ltd., by and through its subsidiary, Roho, Inc., made a prior material breach of its agreement with Moxi, excusing Moxi from any further obligation under the [Canadian Agreement]." *See* Moxi

Affirmative Defenses ¶ 3. Moxi's excuse, however, has no basis in fact, the law, or the Canadian Agreement.

As Permobil alleged and Moxi admitted, there is a *separate* agreement between Moxi and Roho, Inc., a subdivision of Permobil, Inc. ("Permobil"), for the sale of Roho products by Moxi in the United States (hereinafter referred to as the "American Agreement"). *See* Answer ¶¶ 11, 12. The American Agreement was "mutually terminated" on June 1, 2021. *See* Answer ¶ 13. The American Agreement was terminated by a Distributor Agreement Termination, a copy of which is attached hereto as **Exhibit 3** (hereinafter referred to as the "Termination of the American Agreement"). The Termination of the American Agreement resulted in Permobil paying Moxi Ninety-Five Thousand Dollars ($95,000.00) as consideration. *See* **Exhibit 3**. Nothing in the Termination of the American Agreement between Moxi and Roho changes Moxi's obligations under the Canadian Agreement to Plaintiff (Permobil Ltd.). *See id.* If there was a condition such as termination of the Canadian Agreement, it would/should have been stated in the Termination of the American Agreement.

The *mutual* termination of the American Agreement, therefore, has no bearing on the Canadian Agreement. The two agreements concern different companies, different products, different roles, and different responsibilities. Furthermore, there is no mention of the Canadian Agreement in the Termination of the American Agreement. Moxi has no legal or factual basis to claim that its obligations to Permobil Ltd. are excused under the Canadian Agreement. The undeniable evidence and admissions by Moxi prove that Moxi's threat to breach the Canadian Agreement entitles Permobil to a preliminary injunction.

## II. ARGUMENTS AND AUTHORITIES

A preliminary injunction is necessary to enjoin Moxi from selling its products through any distributor other than Permobil Ltd. In deciding whether to issue a preliminary injunction, this Court must consider four factors: (1) the substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless injunction is issued; (3) threatened injury to Permobil Ltd. outweighs whatever damage the proposed injunction may cause Moxi; and, (4) if issued, the injunction will not be adverse to the public interest. *See 7-Eleven, Inc. v. Kapoor Bros, Inc.* 977 F.Supp.2d 1211, 1219 (M.D. Fla. 2013). As described in more detail below, a Preliminary Injunction Order is a proper remedy as the four factors weigh in favor of Permobil Ltd.

  A. <u>**There is a Substantial Likelihood that Permobil Ltd. Will Prevail on the Merits of its Breach of Contract Claim**</u>

Permobil Ltd. will surely prevail on the merits of its claim for breach of contract. The terms of the Agreement clearly state Permobil Ltd. is the exclusive distributor of certain Moxi products throughout Canada until December 31, 2022. Moxi is now selling the same products through another distributor, Blake Medical.

The essential elements of a breach of contract are: (1) a valid contract; (2) a material breach; (3) causation; and (4) damages suffered by Permobil Ltd. *See Handi-Van Inc. v. Broward Cty.,* 116 So. 3d 530, 541 (Fla. 4th DCA 2013). The Agreement is a valid, enforceable contract during all times relevant to this matter. Moxi has made no suggestion that Permobil Ltd. has somehow failed to perform pursuant to its obligations. Indeed, Permobil Ltd. continues to offer Moxi products for sale today. It is plain Moxi breached the terms of the Agreement. Section 1.1 of the Agreement states "[Moxi] hereby appoints [Permobil Ltd.] as the *exclusive distributor* of [Moxi] Products in [Canada] to customers during the Term of this Agreement[.]" (emphasis added) *See* **Exhibit 1**, p. 1. Moxi has breached the Agreement by offering its products to Blake

Medical for sale in Canada. Lastly, Permobil Ltd. has suffered lost revenue and other harm from each sale of Moxi products by Blake Medical.

Since learning Permobil, Inc. would not renew the American Agreement, Moxi has sought to avoid the Agreement at every turn. At different times, Moxi has threatened to breach the Agreement, terminate the Agreement, declare bankruptcy, and even inflated the price of its product out of some vindictive sense of retribution. Moxi has breached the Agreement, requiring this litigation.

### B. Permobil Ltd. Will Face Irreparable Injury if Moxi is not Enjoined

Monetary damages would not adequately compensate Permobil, Ltd. for the loss of good will among its customers. *See Ferrero v. Associated Materials, Inc.* 923 F.2d 1441, 1449 (11th Cir. 1991). This is because Permobil Ltd. will "lose its investment in good will and will lose its long-time customers," and that "this injury is difficult, if not impossible, to determine monetarily." *Id.* Permobil Ltd.'s good will is damaged by Moxi in two ways: (1) Permobil, Ltd. is no longer the exclusive distributor despite claiming to be, and (2) a competitor, Blake Medical, is selling Moxi products at a (presumably) cheaper price than Permobil, Ltd. could charge. Thus, money alone cannot adequately compensate Permobil Ltd. because money damages are too speculative to offset the damage to Permobil Ltd.'s good will among its customers. Purchasers of Moxi's products are loyal customers, who not only purchase Moxi's principal product, a mattress, but also other products related to the mattress. The final customers of Moxi products include assistive care facilities, hospitals, and in-home users. Permobil Ltd.'s expectation is that a customer will not simply purchase one Moxi product, but perhaps a whole host of products to supplement their needs.

Additionally, Moxi damaged Permobil Ltd.'s reputation when it raised the price of its products sold by Permobil Ltd. by 43%. Permobil Ltd.'s customers are primarily dealers of medical assistive products. When threatened with a price increase, Permobil Ltd. advised Moxi that if it raised its prices by nearly 50%, Permobil would pass that cost onto its loyal customers. The price increase came on November 1, 2021, and Permobil Ltd.'s sales of Moxi products significantly dropped that very same month. Once Moxi began offering its products to Blake Medical in January 2022, Permobil Ltd.'s sales of Moxi products cratered even further. As Blake Medical began selling Moxi products at a much cheaper price, Permobil Ltd. appeared to be charging gluttonous rates. This damages Permobil Ltd.'s business relationships with its dealers/customers, who purchase many products from Permobil Ltd. The unreasonable rate of one product creates the perception that other products may be equally overpriced. Suddenly, Permobil Ltd. was viewed as charging predatory rates leaving dealers to question what other products might skyrocket in price. The damage to Permobil Ltd.'s reputation is material and impossible to cure through monetary damages alone.

Undoubtedly, Permobil Ltd. is entitled to the lost revenue it would have earned if it had sold the Moxi product instead of Blake Medical. This, however, is not the only damage Permobil Ltd. has sustained. Permobil Ltd. would also lose revenue on all future purchases by that same customer, an amount that will be difficult to quantify. A hospital may open a new ward thus requiring many more Moxi mattresses, or an in-home user may purchase a second home necessitating the purchase of an additional mattress. The payment of lost revenue for each sale by Blake Medical would not adequately compensate Permobil Ltd. for these additional purchases. Since the lost revenue from subsequent sales of Moxi products is difficult to ascertain, monetary damages alone cannot compensate Permobil Ltd. Furthermore, the deterioration to

Permobil Ltd.'s good will and reputation in the Canadian market cannot be readily quantified. An injunction is proper.

### C. Permobil Ltd. will Suffer Greater Harm than Moxi if the Injunction is Not Granted

In weighing the harm at issue in this case, the Court's analysis is simple: if Moxi is allowed to breach its Agreement with Permobil Ltd. and sell its products through Blake Medical, only Permobil Ltd. will suffer harm. The loss of revenue from sales made by Blake Medical only scratch the surface of potential harm to Permobil Ltd., as explained *supra*. The injunction will cause no harm to Moxi, as its effect will be to force Moxi to act pursuant to the Agreement it entered into just one year ago. If the injunction is granted, Moxi will still be able to sell its products in the Canadian market. Blake Medical will not suffer harm as a result of the injunction because it has no legal right to sell Moxi products in Canada until January 1, 2023. An injunction is proper.

### D. The Public's Interest Will be Served By Forcing Moxi to Adhere to its Agreement with Permobil Ltd.

The public interest is best served by this Court requiring Moxi adhere to its Agreement with Permobil Ltd. Moxi entered into the Agreement with Permobil Ltd. in an arm's length transaction, after careful consideration, and in furtherance of its business. Moxi made the business decision to allow Permobil Ltd. to sell its product to Canadian customers for two years. Simply because Moxi and Permobil Inc., could not agree on the completely separate American Agreement does not give Moxi license to breach the Agreement in Canada. Even if Blake Medical offered Moxi a better deal than Permobil Ltd.'s Agreement, there is no excuse for Moxi to abandon its promises to Permobil Ltd. The public is best served when Courts require parties to stand by their contracts. If the Court grants this injunction, Canadian citizens will still have

access to Moxi products, through Permobil Ltd. The public will be served by, and not harmed by, this injunction.

### III. CONCLUSION

**WHEREFORE**, for the aforementioned reasons, Plaintiff respectfully requests the Court grant its Motion for Preliminary Injunction in order to preserve the status quo during the course of this litigation. Specifically, Plaintiff seeks to prevent Defendant from selling its products through any distributor other than Permobil Ltd. Plaintiff requests this Court enter an Order restraining and enjoining Defendant as follows:

1. Defendant Moxi and anyone acting in concert or participation with it or on its behalf shall be preliminarily enjoined from distributing Moxi products in Canada through any distributor other than Permobil Ltd for the duration of this litigation, or until December 31, 2022, whichever occurs first.

Respectfully submitted,

**MAUER LAW FIRM, P.C.**

By: /s/ Steven E. Mauer
Steven E. Mauer   MO Bar #37162
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
Telephone: 816-759-3300
Facsimile:816-759-3399
semauer@mauerlawfirm.com

**ATTORNEY FOR PLAINTIFF PERMOBIL LTD.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served via the Court's electronic filing system, pursuant to L. R. 5.1, upon all counsel of record this 15th day of April, 2022.

/s/ Steven E. Mauer
Attorney for Plaintiff