UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PERMOBIL LTD.,

    Plaintiff,

v.                                              Case No. 8:22-cv-807-AEP

MOXI ENTERPRISES, LLC,

    Defendant.
_____/

**ORDER**

      This matter comes before the Court on Plaintiff Permobil, Ltd.'s ("Permobil") Amended Motion for Preliminary Injunction (Doc. 42) and Defendant Moxi Enterprises, LLC's ("Moxi") response in opposition thereto (Doc. 46). The undersigned conducted a hearing on the Amended Motion for Preliminary Injunction on May 2, 2022. For the reasons that follow, the Motion for Preliminary Injunction is granted.

    **I.**    **Background**

      Permobil brought this action for injunctive relief, damages for breach of contract, and tortious interference (Docs. 1-1 & 35). Permobil seeks an injunction precluding Moxi from selling or distributing any product identified on its exclusive

distribution list with Permobil to any other distributor in Canada, including Blake Medical.[1]

On or about January 1, 2021, Permobil and Moxi entered into an exclusive Distribution Agreement, whereby Permobil was the exclusive distributor of certain Moxi products throughout Canada (Doc. 35-1). The products governed by the Agreement are listed at the Distributions Agreement's Exhibit A (Doc. 35-1, at 10). Permobil employs a sales force throughout Canada, which educates and trains customers (retailers, distributors, and end users) about the unique aspects of its products, including Moxi products.

In the summer of 2021, pursuant to the Distribution Agreement, Moxi implemented a 43% price increase on its products sold to Permobil. Alternatively, Moxi requested Permobil provide a quarterly guarantee of sales for its products at a 10% price increase rather than the 43% price increase or terminate the contract, to which Permobil declined, choosing instead to continue to distribute Moxi products throughout Canada at the 43% price increase with no sales guarantee. Permobil notified Moxi that it would, and did, pass the 43% price increase on to Permobil's customers. In late 2021, Moxi then entered into a verbal "handshake" agreement with Blake Medical, a Canadian company, to allow for Blake Medical to distribute Moxi products. Moxi sold products to Blake Medical at a 10% price increase rather than the 43% price increase to Permobil, thereby allowing Blake Medical to

---

[1] The Court analyzed the Distribution Agreement, which invokes Canada law. Moxi argues that Missouri law should apply, but the parties all agree that for purposes of this injunction, the choice of law (Canada, Missouri, or Florida) would not change the result.

undercut Permobil's pricing. At the hearing, Permobil's Senior Vice President of Sales, Todd Walling, testified to the damage done to Permobil's good will with its customers, with Blake Medical's sales of Moxi products at a significantly lower price.

## II.   Standard of Review

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

## III.   Discussion

The first factor in determining whether a preliminary injunction should be issued is whether Plaintiff can show a substantial likelihood it will prevail on the merits of its claims. The admitted evidence by Moxi establishes that, as the record stands before the Court, Permobil has a substantial likelihood of success on the

merits on at least its claim for breach of contract. Despite the Distribution Agreement calling for Permobil to be the sole distributor of Moxi products in Canada until December 31, 2022, Moxi subsequently entered into an agreement with Blake Medical which also allowed for Blake Medical to distribute Moxi Products in Canada. There was no evidence that Permobil has failed to use its reasonable best efforts or that its decision to pass the 43% price increase to its customers was a violation of the Distribution Agreement.

The second factor in determining whether a preliminary injunction should be issued is whether the party seeking a preliminary injunction has established it will suffer irreparable harm unless the injunction is issued. The Court finds, through evidence so presented, the damage sustained to Permobil's good will and reputation (if any) based on Blake Medical's sale of Moxi products is difficult to quantify, such that monetary damages simply relating to the lost sale of Moxi products cannot be established. The Court finds that irreparable harm to Permobil is established.

The third factor in determining whether a preliminary injunction should be issued is whether the threatened harm to the moving party outweighs the potential harm the proposed injunction may cause the opposing party if the injunction is issued. The injury to Permobil is established above. Moxi claims that if it continues to receive fewer purchases from Permobil it may be forced to go out of business or file for protection of bankruptcy. The evidence established that Moxi is capable of financially continuing at a 10% price increase, rather than the 43% price increase, because it so agreed with Blake Medical. Further, the requirement that Permobil

"guarantee" a quarterly sales quota is not part of any written guarantee from Blake Medical. Therefore, the threat of damage to Moxi is not established. The Court finds that the balance of harms weighs in favor of Permobil at this time. However, should circumstances change regarding the parties' implicit obligations to operate in good faith in performance of the Distribution Agreement, the Court will certainly entertain any new evidence provided to it which may bear on the balance of harms factor.

The fourth factor in determining whether a preliminary injunction should be issued is if issued, the injunction would not disserve or be adverse to the public interest. The public's interest is established by the enforcement of valid and enforceable contracts. As a result, the Court finds, at this point in time, that the public interest weighs in favor of granting the injunction.

As noted, a preliminary injunction is an extraordinary remedy to be used only when a moving party carries its burden as to the four prerequisites. *See All Care Nursing Serv., Inc.*, 887 F.2d at 1537. Based on the foregoing and for the reasons stated at the hearing, the Court finds that Plaintiff carried its burden in this instance. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Amended Motion for Preliminary Injunction (Doc. 42) is GRANTED.

2. Moxi Enterprises, LLC is prohibited from utilizing any other distributor other than Permobil, Ltd. to sell the products listed at Exhibit A to the

Parties' Distribution Agreement (Doc. 35-1) in Canada up to and including December 31, 2022, or through the conclusion of this case, whichever is earlier.

DONE AND ORDERED in Tampa, Florida, on this 9th day of May, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record